IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELITE NUTRITION CENTERS,<br><br>  Plaintiff,<br><br>vs.<br><br>KIRILL KOCHESKOV, et al.,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:07-CV-512 |

This matter comes before the Court on Defendants' Motion to Dismiss.[1] For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss.

I.   Background Facts

Plaintiff is Elite Nutrition Centers, LLC ("ENC"), a Nevada corporation. Defendants are Kiril Kocheskov ("Kocheskov") and Elite Nutrition Sugarhouse, Inc. ("Sugarhouse"). Mr. Kocheskov is a managing member of Sugarhouse and owns and operates a store located in Salt Lake City. Plaintiff owns and licenses trademarks for Elite Nutrition Centers, LLC (the "ENC Trademarks").

Defendants entered into a licensing agreement ("Agreement") with Plaintiff on May 31,

---

[1]Docket No. 11.

2004.  Under the terms of the Agreement, Defendants were to pay a monthly licensing fee of $500 through June 1, 2009.  Defendants failed to make payments starting around September 2006.  After Plaintiff's demands for payment went unheeded, Plaintiff brought suit in small claims court alleging breach of the Agreement.  On appeal from a dismissal, Plaintiff eventually obtained a judgment against Defendants for $2,000 plus fees.

Plaintiff contends that Defendants continue to use the ENC Trademarks in their business without permission and have filed this suit alleging several causes of action related to trademark infringement and a breach of contract claim.

II.   Procedural History

Plaintiff filed a Complaint on July 12, 2007.[2]  An Amended Complaint was filed on August 1, 2007,[3] alleging eight causes of action: (1) False Designation of Origin - Lanham Act; (2) Trademark Infringement; (3) Unfair Competition; (4) Intentional Interference with Economic Relations; (5) Injunctive Relief; (6) Breach of Contract; (7) Declaratory Judgment; and (8) Punitive Damages and Attorney's Fees.[4]  Defendants filed a Motion to Dismiss[5] on September 3, 2007.  This motion is fully briefed.

III.   Discussion

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[2]Docket No. 1.

[3]Docket No. 3.

[4]Am. Compl. (Docket No. 3).

[5]Docket No. 10.

light most favorable to Plaintiff as the nonmoving party.[6]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[7]  All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[8]  But, the court "need not accept conclusory allegations without supporting factual averments."[9]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]  In resolving a 12(b)(6) motion, a court may not consider matters outside the pleadings, unless those documents are attached to the complaint or are referenced in the complaint.[11]  As to such documents, the district court is not required to consider them, but may do so in its discretion.[12]

Defendants' motion is based on the following grounds: (1) the licensing agreement between parties precludes any cause of action for trademark infringement; and (2) lack of

---

[6]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[7]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[8]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[11]*Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (written documents attached to the complaint are exhibits and are considered part of the complaint for consideration in a Rule 12(b)(6) dismissal).

[12]*Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1990).

jurisdiction. Defendants initially argued that claim preclusion barred the breach of contract claim, but withdrew that argument in its Reply brief.[13] Each is discussed below.

        A.  The Licensing Agreement

Defendants argue that the Agreement authorizes use of the ENC Trademarks until June 1, 2009 and that, in the absence of termination of that Agreement, Plaintiff cannot sue for infringement. Defendants do not dispute that they did not pay the monthly licensing fee, but argue that nonpayment of fees does not automatically terminate the Agreement. Plaintiff argues that Defendants improperly ask the Court to look outside the pleadings in deciding this 12(b)(6) motion.

As stated above, the Court may consider documents outside the pleadings, so long as they are attached to or referenced in the complaint.[14] The Tenth Circuit has also noted favorably the Second Circuit's decision that documents attached to a defendant's motion to dismiss are not to be considered in a Rule 12(b)(6) motion.[15]

Plaintiff attached several documents to the Amended Complaint – copies of the certificates of registration for the ENC Trademarks[16] and a copy of the Licensing Agreement[17] – that this Court may consider as part of the pleadings. Plaintiff also references the small claims court case in the Amended Complaint but does not attach any written document from that case.

---

[13] Docket No. 16 at 5.

[14] *Hall*, 935 F.2d at 1112.

[15] *Id.* (citing *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)).

[16] Am. Compl., Ex. A (Docket No. 3).

[17] Am. Compl, Ex. B (Docket No. 3).

Defendant, on the other hand, attached the Memorandum Decision from the original case in small claims court dismissing Plaintiff to the Motion to Dismiss. The appeal granting judgment in favor of Plaintiff is not attached. The Court will consider only the documents attached to the Amended Complaint in this 12(b)(6) motion.

The Court finds that Defendants were entitled to use the ENC Trademarks under the Agreement. Plaintiff does not allege that the Agreement was terminated. The Agreement itself provides for termination but Plaintiff does not recite any facts supporting compliance with the conditions for termination. Thus, viewing the facts as alleged in the Complaint, Plaintiff licensed the ENC Trademarks for use under the Agreement and that Agreement is still valid. Plaintiff's claims for trademark infringement fail to state a claim for which relief may be granted. Therefore, the Court will dismiss without prejudice Plaintiff's first, second, third, fourth, fifth, seventh and eighth causes of action.

      B.      Supplemental Jurisdiction

Defendants argue in their Reply brief that the remaining breach of contract claim is based on the Agreement and that this Court's jurisdiction over that claim is merely supplemental under 28 U.S.C. § 1367(a). Defendants further argue that under 28 U.S.C. § 1367(c)(3), this claim should also be dismissed. As these grounds for dismissal were only put forth in the Reply, Plaintiff has not had an opportunity to respond.

In the Amended Complaint, Plaintiff cites jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. § 1121.

Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1338 grants district courts original jurisdiction over trademark cases and claims of unfair competition when

related to and joined with trademark claims.  Section 1121 grants the district court original jurisdiction over all trademark actions, regardless of the amount in controversy or diversity.  In civil cases where the district court has original jurisdiction, § 1367(a) grants supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[18]  Section 1367(c)(3) further states that courts may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."

This Court had original jurisdiction over the trademark claims under §§ 1331 and 1338 and § 1121.  However, the breach of contract claim is not based on federal law.  Plaintiff's citation of jurisdiction under § 1367 presumably applies to this cause of action.  Thus, under § 1367(c)(3), the Court will dismiss the sixth cause of action for breach of contract.

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 10) is GRANTED.

The clerk of the court is directed to close this case forthwith.

DATED   November 27, 2007.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[18] 28 U.S.C. § 1367(a).